1  LOCKE LORD LLP
2  Conrad V. Sison (SBN: 217197)
   csison@lockelord.com
3  Daniel A. Solitro (SBN: 243908)
4  dsolitro@lockelord.com
   300 South Grand Avenue, Suite 2600
5  Los Angeles, California 90071
6  Telephone: 213-485-1500
   Facsimile: 213-485-1200
7



8  Attorneys for Plaintiff
   U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE
9  HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-1
10 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-1

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-1 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-1, <br><br> Plaintiff, <br><br> vs. <br><br> ROBBIE A. GATES, an individual; JOE L. GATES, an individual; AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; JAN VAN ECK (a/k/a Maurits Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck), an individual; DENNIS L. BELL, an individual; CHERRI B. ENGLISH, an individual; ED WOODS, an individual; CHANNING CHANGHO AHN, TRUSTEES OF THE AHN FAMILY TRUST DATED FEBRUARY 17, 1967; | CASE NO. *SACV12-1648-DJF-CJC6x* <br><br><br> **VERIFIED COMPLAINT** |

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1

COPY



1   GEORGE GANG WANG, an individual; )
2   DORIS W. WANG, an individual; )
    RODERICK J. MURRAY, an individual; )
3   LINCOLN TRUST COMPANY FBO JAY )
    WM. CERVENKA; JAMES S. BIECK, an )
4   individual; MONICA L. BIECK, an )
5   individual; ARTHUR N. PEDERSEN, an )
    individual; JENNY Y. PEDERSEN, )
6   TRUSTEES OF THE PEDERSEN TRUST )
7   DATED 10/30/1989; A REALTY LLC, a )
8   limited liability company; NELSON- )
    SEPPANEN TRUST OF 1-29-02, FAWKES )
9   FAMILY TRUST:  LINDA H. FAWKES & )
    MICHEL DOYLE FAWKES TRUSTEES; )
10  TIMO S. NELSON TRUST DATED 9-13- )
11  10; ANDRE ROBINSON, LLC, a limited )
    liability company; RONALD APPEL, an )
12  individual; DAVID KANG, an individual; )
13  AERI KANG, an individual; BROKER )
    SOLUTIONS, INC. DBA NEW )
14  AMERICAN FUNDING; all persons )
15  unknown, claiming any legal or equitable )
    right, title, estate, lien or interest in the )
16  property described in the complaint adverse )
17  to plaintiff's title, or any cloud upon plaintiff's )
    title, to the property commonly known as )
18  1803 Vista Lomitas Drive, Fullerton, )
19  California; and DOES 1 through 10  , )
20  inclusive, )

21                  Defendants. )
22  _____ )

23      Plaintiff U.S. Bank National Association, as Trustee, on behalf of the holders of

24  the Harborview Mortgage Loan Trust 2006-1 Mortgage Loan Pass-Through

25  Certificates, Series 2006-1 ("Plaintiff" or "U.S. Bank National Association")

26  complains against Defendants as follows:

27                      **JURISDICTION AND VENUE**

28      1.      The court has jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C.

2

§ 1332 because there is complete diversity of citizenship between Plaintiff and all named Defendants and more than $75,000, exclusive of interest and costs, is at stake.

2. U.S. Bank, National Association is a national banking association organized pursuant to the laws of the United States with its main office, as specified in its Articles of Association, located in Cincinnati, Ohio. It is, therefore, only a citizen of Ohio.

3. None of the named defendants in this lawsuit are, or have ever been, citizens of Ohio.

4. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5. Venue is proper in this Court because the real property that is the subject of this lawsuit is located in Orange County, California and is within this judicial district. Venue is also proper in this Court because at least one of the Defendants resides in Orange County, California and because a substantial part of the events giving rise to this claim occurred in this judicial district.

## NATURE OF THE ACTION

6. This Complaint relates to the fraudulent reconveyance of a deed of trust upon real property located at the address 1803 Vista Lomitas Drive, Fullerton, California 92831 (hereinafter, the "Property").

## PARTIES TO THE ACTION

7. Plaintiff is a national banking association and is the assignee of the First Deed of Trust, as defined in this Complaint, secured by the Property.

8. Robbie A. Gates is an individual and, on information and belief, at all relevant times was a resident of Orange County, California. Robbie A. Gates received a mortgage loan that was secured by a deed of trust to purchase the Property in December 2005. The interest in the loan and deed of trust were later assigned to Plaintiff. Robbie A. Gates has recorded, participated in the recording of, or directed the recording of, several forged and fraudulent documents with the Official Records of

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  Orange County, California relating to the Property.

2        9.     Joe L. Gates is an individual and, on information and belief, at all

3  relevant times was a resident of Orange County, California and a co-conspirator in the

4  recording of several forged and fraudulent documents with the Official Records of

5  Orange County, California relating to the Property.

6       10.    Defendant America's Wholesale Lender, Inc. ("AWLI") is a New York

7  corporation with its principal place of business in New York.  AWLI does business

8  and conducts fraudulent activities in California, including in the Central District of

9  California.  AWLI does not have and never has had any authority to take any action

10  on behalf of or in the name of Plaintiff or any of the prior holders of an interest in the

11  First Loan Documents (as defined below) relating to the Property.  AWLI does not

12  have and never has had any authority to cancel, modify or otherwise affect the terms

13  of the First Loan Documents.  AWLI does not have and never has had any authority to

14  release, reconvey or otherwise affect any lien established and/or owned by Plaintiff or

15  Plaintiff's predecessors in interest in the First Loan Documents.

16       11.    Defendant Jan Van Eck (a/k/a Maurits Van Eck a/k/a Mauritz Van Eck

17  a/k/a Maurice Van Eck) ("Van Eck") is an individual residing in Connecticut.  Van

18  Eck does business and conducts fraudulent activities in California, including in the

19  Central District of California, for AWLI.  Van Eck is not a current or former officer or

20  employee of Plaintiff or any of Plaintiff's predecessors in interest in the First Loan

21  Documents.  Van Eck does not have and never has had any authority to take any

22  action on behalf of or in the name of Plaintiff or any of Plaintiff's predecessors in

23  interest in the First Loan Documents.  Van Eck does not have and never has had any

24  authority to cancel, modify or otherwise affect the First Loan Documents at issue in

25  this litigation.  Van Eck does not have and never has had any authority to release,

26  reconvey or otherwise affect any liens established relating to the Property.

27       12.    Defendant Dennis L. Bell ("Bell") is an individual residing in Kentucky.

28  Bell does business and conducts fraudulent activities in California, including in the

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

4

1  Central District of California, for AWLI.  Bell is not a current or former officer or

2  employee of Plaintiff or any of Plaintiff's predecessors in interest in the First Loan

3  Documents.  Bell does not have and never has had any authority to take any action on

4  behalf of or in the name of Plaintiff or any of Plaintiff's predecessors in interest in the

5  First Loan Documents.  Bell does not have and never has had any authority to cancel,

6  modify or otherwise affect the First Loan Documents at issue in this litigation.  Bell

7  does not have and never has had any authority to release, reconvey or otherwise affect

8  any liens established relating to the Property.

9         13.    Defendant Cherri B. English ("English") is an individual residing in

10  Kentucky.  English does business and conducts fraudulent activities in California,

11  including in the Central District of California, for AWLI.  English is not a current or

12  former officer or employee of Plaintiff or any of Plaintiff's predecessors in interest in

13  the First Loan Documents.  English does not have and never has had any authority to

14  take any action on behalf of or in the name of Plaintiff or any of Plaintiff's

15  predecessors in interest in the First Loan Documents.  English does not have and

16  never has had any authority to cancel, modify or otherwise affect the First Loan

17  Documents at issue in this litigation.  English does not have and never has had any

18  authority to release, reconvey or otherwise affect any liens established relating to the

19  Property.

20         14.    George Gang Wang, Doris W. Wang, Roderick J. Murray, James S.

21  Bieck, Monica L. Bieck, Arthur N. Pedersen, Ronald Appel, David Kang, and Aeri

22  Kang are all individuals and, on information and belief, are citizens of California.  All

23  of these individuals were the purported beneficiaries of various deeds of trust recorded

24  by Robbie A. Gates relating to the Property.  Any interest these individuals may have

25  or ever had in the Property is subject to and subordinate to that of Plaintiff.

26         15.    Channing Changho Ahn, Trustees Of The Ahn Family Trust Dated

27  February 17, 1967; Lincoln Trust Company Fbo Jay Wm. Cervenka; Jenny Y.

28  Pedersen, Trustees Of The Pedersen Trust Dated 10/30/1989; A Realty LLC; Nelson-

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

5

VERIFIED COMPLAINT

1  Seppanen Trust Of 1-29-02; Fawkes Family Trust: Linda H. Fawkes & Michel Doyle

2  Fawkes Trustees; Timo S. Nelson Trust Dated 9-13-10; Andre Robinson, LLC. AMD

3  Broker Solutions, Inc. d/b/a New American Funding are all California entities and

4  were the purported beneficiaries of various deeds of trust recorded relating to the

5  Property. Any interest these entities may have or ever had in the Property is subject to

6  and subordinate to that of Plaintiff.

7       16.    Ed Woods is an individual and citizen of Connecticut. Ed Woods

8  purportedly notarized several fraudulent and forged documents that were filed in the

9  Official Records of Orange County, California relating to the Property.

10       17.    Plaintiff is currently unaware of the true names of the defendants sued as

11  Does 1 through 100 and therefore sues them by fictitious names. Plaintiff will amend

12  this Complaint to reflect the true names of the Doe defendants when their true names

13  have been ascertained.

14       18.    On information and belief, Robbie A. Gates and Joe L. Gates acted in

15  concert with certain other named defendants, including AWLI, Van Eck, Bell, English

16  and Doe defendants, to perpetrate the fraudulent scheme alleged in this Complaint.

17  On information and belief, certain Doe defendants acted jointly and in cooperation

18  with these named defendants to perform the acts against Plaintiff as alleged in this

19  Complaint, and that in doing the things alleged in this Complaint, each was acting

20  within the course and scope of such relationship and that the acts of each were ratified

21  and adopted by the other.

22                 **THE SUBJECT PROPERTY**

23       19.    The Property is commonly known as 1803 Vista Lomitas Drive,

24  Fullerton, California 92831 and is legally described as follows:

25           That certain real property situated in the City of Fullerton,

26  County of Orange, State of Californian, being all of Parcel 2 of Parcel

27  Map 99-155 as shown by a map filed in Parcel Map Book 324, Pages

28  49 and 50 in the Office of the County Recorder of Orange County.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Excepting therefrom that portion of said parcel 2 described as follows:

Commencing at the Northeast corner of said Parcel 2, thence along the Easterly line of said Parcel 2 South 09°38'16" East 88.11 feet to the true point of beginning; thence departing from said Easterly line South 84°West 11.00 feet; thence South 21°21'59" East 21.03 feet; thence South 60°42'06" East 5.07 feet to said Easterly line; thence along said Easterly line the following courses:

North 05°30'56" east 10.54 feet and North 09°38'16" West 12.85 feet to the true point of beginning.

Also known as Parcel A of Lot Line Adjustment No. 148 recorded June 26, 2003 as Instrument No. 2003000748469, of Official Records.

Excepting therefrom; all oil, oil rights, natural gas rights, mineral rights, all other hydrocarbon substances by whatsoever name known, and all water, claims of rights to water, together with appurtenant rights thereto, without however, any right to enter upon the surface of said land nor any portion of the subsurface lying a depth of 500 feet, as excepted or reserved by deed recorded May 14, 1946 in Book 1424 page 3 of Official Records.

## GENERAL ALLEGATIONS

**A.   Robbie A. Gates' Purchase Loan Transaction**

20.     On or about December 28, 2005, Robbie A. Gates purchased the Property.

21.     A Grant Deed in favor of Robbie A. Gates was recorded on January 9, 2006 in the Official Records of Orange County, California.  A true and correct copy of the Grant Deed is attached hereto as Exhibit 1 and incorporated by reference.

22.     In order to acquire the Property, Robbie A. Gates obtained a purchase

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

money loan from America's Wholesale Lender.  America's Wholesale Lender was the fictitious business name used by Countrywide Home Loans, Inc. ("CHL") in connection with CHL's mortgage banking business.  **Defendant AWLI and the individual defendants associated with AWLI, including Van Eck, Bell and English are not and have never been officers or employees of America's Wholesale Lender and do not and have never had authority to act on behalf of America's Wholesale Lender in *any* capacity whether relating to the Property and subject loans addressed in this lawsuit or otherwise.**

23.    On December 28, 2005, Robbie A. Gates executed a promissory note in the principal amount of $1,440,000.00 in favor of America's Wholesale Lender (hereinafter, the "First Note").  A true and correct copy of the First Note is attached hereto as Exhibit 2 and incorporated herein by reference.

24.    To secure the obligation under the First Note, Robbie A. Gates executed a deed of trust encumbering the Property, dated December 28, 2005, in favor of the beneficiary under the deed of trust, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender.  The deed of trust was recorded on January 9, 2006 in the Official Records of Orange County, California (the "First Deed of Trust").  A true and correct copy of the First Deed of Trust is attached hereto as Exhibit 3 and incorporated herein by reference.  Together, the First Note and First Deed of Trust constitute a loan agreement referred to in this Complaint as the "First Loan Documents."

25.    On December 28, 2005, Robbie A. Gates also executed a second promissory note in the principal amount of $720,000 in favor of America's Wholesale lender (hereinafter, the "Second Note").  To secure the obligation under the Second Note, Robbie A. Gates executed a deed of trust encumbering the Property, dated December 28, 2005, in favor of the beneficiary under the deed of trust, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender.  The deed of trust was recorded on January 9, 2006 in the Official Records of Orange

8

1   County, California (the "Second Deed of Trust").  A true and correct copy of the

2   Second Deed of Trust is attached hereto as Exhibit 4 and incorporated herein by

3   reference.

4          26.     America Wholesale Lender's interest in the First Note and First Deed of

5   Trust was subsequently assigned to Bank of America, N.A., successor by merger to

6   BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing, LP

7   ("Bank of America").  A true and correct copy of the Assignment of Deed of Trust is

8   attached hereto as Exhibit 5 and incorporated herein by reference.

9          27.     Bank of America subsequently assigned its interest in the First Note and

10  First Deed of Trust to Plaintiff.  A true and correct copy of the Corporate Assignment

11  of Deed of Trust assigning an interest to Plaintiff was recorded in the Official Records

12  of Orange County, California on April 10, 2012 and is attached hereto as Exhibit 6

13  and incorporated herein by reference.

14         28.     Plaintiff was never assigned any interest in the Second Note or the

15  Second Deed of Trust.

16  **B.     The Fraudulent Scheme Perpetrated By The AWLI Defendants.**

17         29.     On or about December 16, 2008, defendant Bell incorporated AWLI in

18  New York.

19         30.     At the time Bell incorporated AWLI he knew that CHL used America's

20  Wholesale Lender as a fictitious business name.  In fact, Bell purposely chose the

21  name "America's Wholesale Lender, Inc." for the corporation he formed in New York

22  for the sole and express purpose of impersonating CHL and committing fraud,

23  including the fraud described in this Complaint.

24         31.     AWLI, Bell, Van Eck and English (collectively, the "AWLI

25  Defendants") proceeded to perpetrate a far reaching consumer fraud, including fraud

26  relating to the Property as described in this Complaint.  The AWLI Defendants scam

27  involved soliciting borrowers whose loans were originated by CHL under CHL's

28  "America's Wholesale Lender" fictitious business name.  The AWLI Defendants

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

9
VERIFIED COMPLAINT

would convince the borrowers to file a lawsuit against AWLI in California state court.
The AWLI Defendants would pretend that they were the borrowers' originating
lender—CHL.  The AWLI Defendants would then enter into a fraudulent settlement
agreement and stipulated judgment, which were filed in California state court, that
called for either a short payoff to AWLI (*not* America's Wholesale Lender) or new,
more favorable loan terms in favor of AWLI.  A part of these fraudulent settlement
agreements, the AWLI Defendants purported to release the liens established by CHL.

32.     The AWLI Defendants of course had absolutely no authority whatsoever
to take *any* action with respect to these loans.  The borrowers acted in concert with the
AWLI Defendants to mislead the California state court.  The borrowers' obligations to
repay their loan to CHL, or the assignee of CHL's interest in their loan, was in no way
affected by this fraudulent scheme.

33.     The AWLI Defendants would proceed to record fraudulent documents
with the county recorder's office purporting to reconvey the deed of trust on the
borrowers' property.  The documents fraudulently recorded by the AWLI Defendants
would purport to cancel, assign or otherwise affect the legitimate liens established.  In
fact, these fraudulent documents had no effect on the existing liens and are void *ab
initio*.

34.     Robbie A. Gates and Joe L. Gates participated with the AWLI
Defendants in this fraudulent scheme relating to the loan she received to purchase the
Property from America's Wholesale Lender.

**C     Robbie A. Gates and the AWLI Defendants Prepare & Record Forged
Documents To Create the False Impression that the Property was
Unencumbered.**

35.     On or about February 18, 2010, Robbie A. Gates commenced an action
against "America's Wholesale Lender, Inc." and Mortgage Electronic Registration
Systems, Inc. in the Orange County Superior Court for the State of California styled
*Gates v. America's Wholesale Lender, et al.*, Case No. 30-2010-00345159-CU-OR-

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

CJC.  The lawsuit named as a defendant "America's Wholesale Lender, Inc." a "New York Corporation."  AWLI, however, did not have and has never had *any* legitimate interest in the Property or the loans received by Robbie A. Gates to purchase the Property.

36.     Robbie A. Gates' lawsuit purportedly concerned the First Note and Second Note that Robbie A. Gates obtained from America's Wholesale Lender to purchase the Property and the First Deed of Trust and Second Deed of Trust.  The lawsuit alleged various violations of California and federal statutes relating to the loans Robbie A. Gates received to purchase the Property.  A true and correct copy of the Complaint filed by Robbie A. Gates is attached hereto as Exhibit 7 and incorporated herein by reference.

37.     A "Notice of Acknowledgement of Receipt" of the summons and Complaint was filed on March 11, 2010.  The acknowledgement was filed on behalf of "America's Whole Lender, Inc." purporting to acknowledge receipt of the Complaint by this named defendant and was signed by "Maurits Van Eck, Vice President."  A true and correct copy of the Notice and Acknowledgement of Receipt filed by Robbie A. Gates is attached hereto as Exhibit 8 and incorporated herein by reference.

38.     On or about April 22, 2010, Van Eck, using his alias "Maurits Van Eck," and acting as the purported "Sr. Vice-President" of AWLI, executed a "Settlement Agreement and Stipulated Judgment," which was filed in the Superior Court of California, Orange County on May 3, 2010.  The "Settlement Agreement and Stipulated Judgment" falsely stated that Robbie A. Gates' loan was in favor of AWLI and that AWLI was "the holder of the notes and trust deeds identified in the Complaint" when it was really in favor of CHL under CHL's "America's Wholesale Lender" fictitious business name.  The "Settlement Agreement and Stipulated Judgment" also misrepresented that AWLI was "authorized to collect payments or enforce Plaintiff's loan."  The agreement called for the First Note and Second Note to

11

1   be "modified" into a single note "in the amount of $1,600,000" with a "simple interest

2   per annum at the rate of 5.25%".  The "Settlement Agreement and Stipulated

3   Judgment" also purported to "waive" any other sums due or past due on the First Note

4   and Second Note.  The Superior Court entered the stipulated judgment on May 3,

5   2010.  These purported settlement documents were the product of forgery and in no

6   way affected the rights of the parties holding the true interest in the First Note and

7   Second Note and in no way affected the liens created by the First Deed of Trust and

8   Second Deed of Trust.  A true and correct copy of the "Settlement Agreement and

9   Stipulated Judgment" filed is attached hereto as Exhibit 9 and incorporated herein by

10  reference.  The lawsuit was dismissed on November 23, 2010.

11         39.     Unknown to Plaintiff and unknown to Bank of America which held an

12  interest in the Loan Agreement at the time, a "Substitution of Trustee and Full

13  Reconveyance" document was recorded with the Official Records of Orange County,

14  California on May 27, 2010 purporting to substitute AWLI as the new Trustee under

15  the First Deed of Trust.  In addition, the Substitution of Trustee and Full

16  Reconveyance also purports to reconvey to Robbie A. Gates the First Deed of Trust.

17  The Substitution of Trustee and Full Reconveyance was prepared by AWLI and was

18  signed by "Americas Wholesale Lender, a New York Corporation, Maurits van Eck,

19  VP".  The document also purports to have been signed by Maurits van Eck in his role

20  as "Beneficiary/New Trustee Americas Wholesale Lender, a New York Corporation."

21  The document was purportedly notarized on May 18, 2010 in Fairfield County,

22  Connecticut by Ed Woods.  The recording was requested by AWLI and when

23  recorded it be returned to Robbie A. Gates.  A true and correct copy of the

24  Substitution of Trustee and Full Reconveyance recorded by Robbie A. Gates is

25  attached hereto as Exhibit 10 and incorporated herein by reference.

26         40.     Neither Plaintiff or Bank of America prepared the Substitution of Trustee

27  and Full Reconveyance or requested that it be recorded.  Nor did any other party with

28  authority to direct the recordation of such a document prepare, record and/or request

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

to be recorded the document.  Neither Plaintiff, Bank of America or any other party with proper authority to do so directed Maurits van Eck to prepare or sign the Substitution of Trustee and Full Reconveyance.  Neither AWLI, Van Eck or any other AWLI Defendants had any direct or indirect authority to take any action with respect to the First Note or First Deed of Trust.  Neither Plaintiff or Bank of America—or any other assignee of an interest in the Loan Agreement—was aware that any such document existed at the time it was recorded on May 27, 2010.

41.     Upon information and belief, the AWLI Defendants, with the assistance of Robbie A. Gates and Joe L. Gates and various Doe defendants, prepared and recorded the fraudulent Substitution of Trustee and Full Reconveyance form.  The AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or other Doe defendants also misrepresented to the Recorder's Office that the Substitution of Trustee and Full Reconveyance had been prepared by a party with authority to reconvey the First Deed of Trust and that recording of the Substitution of Trustee and Full Reconveyance of the First Deed of Trust had been requested by a party with authority to do so.

42.     The AWLI Defendants, Robbie A. Gates and/or Doe defendants also prepared and recorded a fraudulent "Substitution of Trustee and Full Reconveyance" document relating to the Second Deed of Trust with the Official Records of Orange County, California on the same day, May 27, 2010 (the "Second Substitution and Full Reconveyance").  The Second Substitution and Full Reconveyance again purported to substitute AWLI as the new Trustee and purported to fully reconvey to Robbie A. Gates the Second Deed of Trust.  It also again purports to have been prepared by AWLI and purports to have been signed by "Americas Wholesale Lender, a New York Corporation, Maurits van Eck, VP."  It also purports to have been signed by Maurits van Eck in his role as "Beneficiary/New Trustee Americas Wholesale lender, a New York Corporation."  The document was purportedly notarized on May 18, 2010 in Fairfield County, Connecticut by Ed Woods.  Again the recording was purportedly requested by "Americas Wholesale Lender, Inc." and it was requested that when

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

13

recorded it be returned to Robbie A. Gates.  A true and correct copy of the Second Substitution and Full Reconveyance recorded by Robbie A. Gates is attached hereto as Exhibit 11 and incorporated herein by reference.

43.     Upon information and belief, the AWLI Defendants, with the assistance of Robbie A. Gates, Joe L. Gates and various Doe defendants, prepared the fraudulent Second Substitution and Full Reconveyance form.  The AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or other Doe defendants also misrepresented to the Recorder's Office that the Second Substitution and Full Reconveyance had been prepared by a party with authority to prepare the document and that such party had requested that the Second Substitution and Full Reconveyance be recorded.

44.     The Substitution of Trustee and Full Reconveyance and the Second Substitution and Full Reconveyance were fraudulently drafted and signed in an attempt to free the Property from any encumbrance, or give the appearance that the Property was unencumbered, without Robbie A. Gates having repaid the First Note or Second Note.

45.     The Substitution of Trustee and Full Reconveyance and the Second Substitution and Full Reconveyance should not have been recorded because the First Note and Second Note were not, and still have not been, fully paid off or otherwise satisfied.

46.     The Substitution of Trustee and Full Reconveyance and the Second Substitution and Full Reconveyance are void *ab initio* and Plaintiff's security interest in the Property was in no way affected or eliminated by the recording of these documents.

47.     Robbie A. Gates was and is in default under the terms of the First Note because she has failed to make payments when due.  Robbie A. Gates has failed to cure the default as of the date of this Complaint.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**D.     All Other Purported Deeds of Trusts Recorded on the Property Were, and Remain, Subordinate To, and Subject To, Plaintiff's Interest in the Property.**

48.     Subsequent to Robbie A. Gates entering into the First Note and Second Note on or about December 28, 2005, she proceeded to recorded numerous deeds of trust with the Official Records of Orange County, California.  On information and belief, Plaintiff alleges that many of these documents recorded by Robbie A. Gates are fraudulent.  In addition, Plaintiff believes these documents were recorded as part of a scheme by the AWLI Defendants, Robbie A. Gates, Joe L. Gates and various Doe defendants to defraud lenders who were led to believe the Property was unencumbered when they made loans to Robbie A. Gates.

49.     Regardless of whether the subsequent deeds of trust recorded by Robbie A. Gates, as discussed below, are the product of forgeries, any interest obtained by the purported beneficiaries to these documents is subordinate to, and subject to, Plaintiff's interest in the Property.

50.     On May 21, 2010, Robbie A. Gates purportedly executed a third promissory note in the principal amount of $1,600,000.00 in favor of AWLI (hereinafter, the "Third Note").  To secure the obligation under the Third Note, Robbie A. Gates executed a "Deed of Trust and Assignment of Rents" purportedly encumbering the Property, dated May 10, 2010, in favor of AWLI.  The deed of trust was recorded on May 21, 2010 in the Official Records of Orange County, California (the "Third Deed of Trust").  A true and correct copy of the Third Deed of Trust is attached hereto as <u>Exhibit 12</u> and incorporated herein by reference.

51.     On September 15, 2010, a Full Reconveyance of Deed of Trust was recorded in the Official Records of Orange County, California purporting to reconvey to Robbie A. Gates the Third Deed of Trust.  The Full Reconveyance of Deed of Trust purports to have been prepared by AWLI and purports to have been signed by "Americas Wholesale Lender, a New York Corporation, Cheri English, VP."  The

1   recording was purportedly requested by "Americas Wholesale Lender, Inc." and it

2   was requested that when recorded it be returned to Robbie A. Gates.  A true and

3   correct copy of the Full Reconveyance of Deed of Trust is attached hereto as <u>Exhibit</u>

4   <u>13</u> and incorporated herein by reference.

5           52.     Upon information and belief, Plaintiff alleges that the Full Reconveyance

6   of Deed of Trust was done in furtherance of the fraudulent scam perpetrated by the

7   AWLI Defendants, Robbie A. Gates and Joe L. Gates and various Doe defendants.

8           53.     On September 8, 2010, Robbie A. Gates purportedly executed another

9   promissory note in the principal amount of $700,000 in favor of various individuals

10  (hereinafter, the "Fourth Note").  To secure the obligation under the Fourth Note,

11  Robbie A. Gates executed a deed of trust purportedly encumbering the Property, dated

12  September 8, 2010, in favor of various individuals.  Specifically, the

    "payees/beneficiaries" were identified as:  (1) Channing Changho Ahn, Trustees of the

14  Ahn Family Trust Dated February 17, 1967; (b) George Gang Wang and Doris W.

15  Wang; (c)Roderick J. Murray; (d) Lincoln Trust Company fbo Jay WM. Cervenka; (e)

16  James S. Bieck and Monica L. Bieck; (f) Arthur N. Pedersen and Jenny Y. Pedersen,

17  Trustees of the Pedersen Trust Dated 10/30/1989.  The deed of trust was recorded on

18  September 15, 2010 in the Official Records of Orange County, California (the "Fourth

19  Deed of Trust").  A true and correct copy of the Fourth Deed of Trust is attached

20  hereto as <u>Exhibit 14</u> and incorporated herein by reference

21          54.     Also on September 8, 2010, Robbie A. Gates purportedly executed

22  another promissory note in the principal amount of $258,000 in favor of Andre

23  Robinson, LLC (hereinafter, the "Fifth Note").  To secure the obligation under the

24  Fifth Note, Robbie A. Gates executed a "Short Form Deed of Trust and Assignment of

25  Rents" purportedly encumbering the Property, dated September 8, 2010, in favor of

26  Andre Robinson, LLC as beneficiary.  The deed of trust was recorded on September

27  15, 2010 in the Official Records of Orange County, California (the "Fifth Deed of

28  Trust").  A true and correct copy of the Fifth Deed of Trust is attached hereto as

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  Exhibit 15 and incorporated herein by reference.

2      55.    Also on September 8, 2010, Robbie A. Gates purportedly executed

3  another promissory note in the principal amount of $17,000 payable to Farmers &

4  Merchants Bank of Long Beach (hereinafter, the "Sixth Note").  To secure the

5  obligation under the Sixth Note, Robbie A. Gates executed a "Deed of Trust With

6  Assignment of Rents (Short Form)" purportedly encumbering the Property, dated

7  September 8, 2010, in favor of Ronald Appel, Esq. as beneficiary.  The deed of trust

8  was recorded on October 7, 2010 in the Official Records of Orange County, California

9  (the "Sixth Deed of Trust").  A true and correct copy of the Sixth Deed of Trust is

10  attached hereto as Exhibit 16 and incorporated herein by reference.

11      56.    On April 26, 2011, Robbie A. Gates purportedly executed another

12  promissory note in the principal amount of $1,000,000 payable to (a) DA Realty LLC;

13  (b) Nelson-Seppanen Trust of 1-29-02; (c) Fawkes Family Trust:  Linda H. Fawkes &

14  Michel Doyle Fawkes Trustees; and, (d) Timo S. Nelson Trust Dated 9-13-10

15  (hereinafter, the "Seventh Note").  To secure the obligation under the Seventh Note,

16  Robbie A. Gates executed a deed of trust purportedly encumbering the Property, dated

17  April 26, 2011, in favor of DA Realty LLC, Nelson-Seppanen Trust of 1-29-02,

18  Fawkes Family Trust:  Linda H. Fawkes & Michel Doyle Fawkes Trustees, and Timo

19  S. Nelson Trust Dated 9-13-10, collectively as beneficiaries.  The deed of trust was

20  recorded on April 28, 2011 in the Official Records of Orange County, California (the

21  "Seventh Deed of Trust").  A true and correct copy of the Seventh Deed of Trust is

22  attached hereto as Exhibit 17 and incorporated herein by reference

23      57.    On April 27, 2011, Robbie A. Gates purportedly executed yet another

24  promissory note in the principal amount of $135,774.00 in favor of Andre Robinson,

25  LLC (hereinafter, the "Eighth Note").  To secure the obligation under the Eighth Note,

26  Robbie A. Gates executed a "Short Form Deed of Trust and Assignment of Rents"

27  purportedly encumbering the Property, dated April 7, 2011, in favor of Andre

28  Robinson, LLC as beneficiary.  The deed of trust was recorded on April 28, 2011 in

17

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

the Official Records of Orange County, California (the "Eighth Deed of Trust").  A true and correct copy of the Eighth Deed of Trust is attached hereto as <u>Exhibit 18</u> and incorporated herein by reference.

58.     On May 12, 2011, a Full Reconveyance was recorded in the Official Records of Orange County, California purporting to reconvey to Robbie A. Gates the Fourth Deed of Trust.  The Full Reconveyance purports to have been prepared and signed by John R. Lukes, as Trustee under the Fourth Deed of Trust.  The Full Reconveyance requests that when recorded it be returned to Robbie A. Gates.  A true and correct copy of the Full Reconveyance is attached hereto as <u>Exhibit 19</u> and incorporated herein by reference.

59.     On May 16, 2011, a Substitution of Trustee and Full Reconveyance was recorded in the Official Records of Orange County, California purporting to reconvey to Robbie A. Gates the Sixth Deed of Trust.  The Substitution of Trustee and Full Reconveyance purports to have been prepared and signed by "Melinda Harris, Vice President" on behalf of Farmers & Merchants Bank of Long Beach.  A true and correct copy of the Substitution of Trustee and Full Reconveyance is attached hereto as <u>Exhibit 20</u> and incorporated herein by reference.

60.     On September 29, 2011, a Substitution of Trustee and Full Reconveyance was recorded in the Official Records of Orange County, California purporting to reconvey to Robbie A. Gates the Fifth Deed of Trust.  The Substitution of Trustee and Full Reconveyance purports to have been prepared and signed by "Andre Robinson, Managing Member".  A true and correct copy of the Substitution of Trustee and Full Reconveyance is attached hereto as <u>Exhibit 21</u> and incorporated herein by reference.

61.     On September 29, 2011, another Substitution of Trustee and Full Reconveyance was recorded in the Official Records of Orange County, California purporting to reconvey to Robbie A. Gates the Eighth Deed of Trust.  The Substitution of Trustee and Full Reconveyance purports to have been prepared and signed by

18

1  "Andre Robinson, Managing Member".  A true and correct copy of the Substitution of

2  Trustee and Full Reconveyance is attached hereto as <u>Exhibit 22</u> and incorporated

3  herein by reference.

4       62.    On September 28, 2011, a Grant Deed was recorded in the Official

5  Records of Orange County, California whereby Robbie A. Gates purportedly assigned

6  her interest in the Property to David Kang and Aeri Kang.  Any interest Robbie A.

7  Gates had, or has, in the Property is transferred subject to all encumbrances on the

8  Property.  A true and correct copy of the Grant Deed is attached hereto as <u>Exhibit 23</u>

9  and incorporated herein by reference.

10       63.    On September 28, 2011, a Deed of Trust executed by David Kang and

11  Aeri Kang was also recorded in the Official Records of Orange County, California

12  purportedly encumbering the Property, in favor of defendant Broker Solutions, Inc.

13  d/b/a New American Funding ("Kang Deed of Trust"). Any interest Broker Solutions,

14  Inc. d/b/a New American Funding may have in the Property remains subject to and

15  subordinate to the interest held by Plaintiff.  A true and correct copy of the Kang Deed

16  of Trust is attached hereto as <u>Exhibit 24</u> and incorporated herein by reference.

17  **E.**    **The Foreclosure Proceedings on the Property.**

18       64.    Robbie A. Gates has been delinquent on her First Note since January 1,

19  2009 and has not made a single loan payment since that date.

20       65.    Therefore, Bank of America, the holder of the interest in the First Note

21  and First Deed of Trust at the time, initiated foreclosure proceedings on the Property.

22       66.    On November 21, 2011, Bank of America directed the recording of a

23  Rescission of Full Reconveyance that properly rescinded the forged Full

24  Reconveyance recorded by Robbie A. Gates on May 27, 2010 that had purported to

25  fully reconvey the First Deed of Trust.  A true and correct copy of the Rescission of

26  Full Reconveyance is attached hereto as <u>Exhibit 25</u> and incorporated herein by

27  reference.

28       67.    On November 30, 2011, Bank of America directed the recording of a

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

19

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  Substitution of Trustee which substituted the original Trustor under the First Deed of

2  Trust, Apex Escrow, with a new trustee, Recontrust Company, N.A.  Bank of America

3  was expressly permitted to substitute in a new trustee under the terms of the First

4  Deed of Trust.  A true and correct copy of the Substitution of Trustee is attached

5  hereto as <u>Exhibit 26</u> and incorporated herein by reference.

6      68.     Bank of America initiated the foreclosure proceeding.  On November 30,

7  2011 it directed the recording of a Notice of Default and Election to Sell Under Deed

8  of Trust ("Notice of Default") in the Official Records of Orange County, California.

9  The Notice of Default indicated that Robbie A. Gates was in default in the amount of

10  $352,652.37 as of November 28, 2011.  A true and correct copy of the Notice of

11  Default is attached hereto as <u>Exhibit 27</u> and incorporated herein by reference.

12      69.     Robbie A. Gates did not reinstate the amount in default on her First Note

13  and First Deed of Trust.  She failed to make any payments on the loan after the Notice

14  of Default was recorded.  Instead, Robbie A. Gates recorded *another* fraudulent

15  document, a Notice of Rescission of Declaration of Default and Demand for Sale and

16  of Notice of Default and Election to Sell. ("Notice of Rescission of Notice of

17  Default").  The Notice of Rescission of Notice of Default was purportedly signed by

18  Barbara DiPrimo of Recontrust Company, N.A.  The signature is a forgery.  Neither

19  Plaintiff, Bank of America or any other party with authority to do so directed the

20  preparation and/or recording of the Notice of Rescission of Notice of Default.  The

21  Notice of Rescission of Notice of Default is void *ab initio* and has absolutely no effect

22  in rescinding the Notice of Default.  A true and correct copy of the Notice of

23  Rescission of Notice of Default is attached hereto as <u>Exhibit 28</u> and incorporate herein

24  by reference.

25      70.     On May 15, 2012, after Plaintiff was assigned an interest in the First

26  Note and First Deed of Trust, Plaintiff directed the substitution of Quality Loan

27  Service Corporation as the new Trustee under the First Deed of Trust.  A Substitution

28  of Trustee was recorded and a true and correct copy is attached hereto as <u>Exhibit 29</u>

1    and is incorporated herein by reference.

2         71.    The First Deed of Trust was never effectively reconveyed as it appears in

3    the public records, because the Substitution of Trustee and Full Reconveyance

4    recorded was forged and thus *void ab initio*.  In addition, the rescission of the full

5    reconveyance of the First Deed of Trust is valid and viable.

6         72.    Accordingly, Plaintiff remains the beneficiary of the First Deed of Trust

7    and the First Deed of Trust is senior to all other liens and encumbrances on the

8    Property.

9         73.    The amount due and owing on the Note is in excess of $1,805,742.

10                        **FIRST CAUSE OF ACTION**

11            **(Cancellation of Instruments Against All Defendants)**

12         74.    Plaintiff realleges the allegations of paragraphs 1 through 73 above as

13   though set forth in full herein.

14         75.    The Substitution of Trustee and Full Reconveyance of the First Deed of

15   Trust was the product of fraud and forgery and thus *void ad initio*.

16         76.    The Substitution of Trustee and Full Reconveyance of the First Deed of

17   Trust is void *ab initio* because it was executed by an individual who fraudulently and

18   through forgery represented himself as the beneficiary and authorized agents of the

19   trustee under the First Deed of Trust when in fact that individual had no power or

20   authority to release the First Deed of Trust or to substitute in a new trustee.

21         77.    The AWLI Defendants along with Robbie A. Gates, Joe L. Gates and the

22   Doe defendants—without any authority whatsoever—recorded the Substitution of

23   Trustee and Full Reconveyance of the First Deed of Trust.

24         78.    The fraudulent documents have caused injury to Plaintiff because the

25   security interest created by the First Deed of Trust has been allegedly released and

26   third party purchasers and encumbrances have since acquired an interest in the

27   Property, apparently without knowing that the Substitution of Trustee and Full

28   Reconveyance is null and void and was recorded as a result of forgery and fraud.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

21

79.     To the extent necessary, Plaintiff seeks a judicial order cancelling the Substitution of Trustee and Full Reconveyance of the First Deed of Trust as of the date of its recordation since it is the result of forgery and fraud and therefore void, unauthorized and invalid.  Plaintiff's security interest in the Property as evidenced by the First Deed of Trust, therefore, remains viable and in full force and effect and in a position of priority over any and all subsequently recorded deeds of trust including, but not limited to, the Second Deed of Trust, Third Deed of Trust, Fourth Deed of Trust, Fifth Deed of Trust, Sixth Deed of Trust, Seventh Deed of Trust, Eighth Deed of Trust and Kang Deed of Trust.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

80.     Plaintiff realleges the allegations of paragraphs 1 through 79 above as though set forth in full herein.

81.     By virtue of the foregoing facts and events, an actual controversy has arisen and now exists between Plaintiff and Defendants concerning the validity of the documents and transactions herein described.

82.     Defendants, and each of them, claim some interest in the Property adverse to Plaintiff, and a determination of the Court is necessary to ascertain the rights, obligations, and duties of the various parties herein.

83.     Plaintiff disputes the contentions of the Defendants and seeks a judicial declaration stating: (a) that Plaintiff's security interest in the Property as evidenced by the First Deed of Trust remains viable and enforceable against the Property; (b) that the Substitution of Trustee and Full Reconveyance relating to the First Deed of Trust is void *ab initio* and without effect; and (c) that the First Deed of Trust is senior to any other encumbrances on the Property, including but not limited to the Second Deed of Trust, Third Deed of Trust, Fourth Deed of Trust, Fifth Deed of Trust, Sixth Deed of Trust, Seventh Deed of Trust, Eighth Deed of Trust, and Kang Deed of Trust.

84.     A declaration by this Court is necessary and appropriate in order to

VERIFIED COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   resolve the present dispute and controversy between the parties with regard to the

2   Property.

3       85.     Plaintiff has no adequate remedy at law.

4       86.     Declaratory relief from this Court will terminate the present dispute and

5   controversy.

### THIRD CAUSE OF ACTION

**(To Quiet Title to Subject Property Against All Defendants)**

7   87.     Plaintiff realleges paragraphs 1 through 86 inclusive, of the Complaint as

9   though fully set forth herein.

10      88.     Plaintiff is the current holder of the First Note and First Deed of Trust.

11      89.     Plaintiff's interest in the Property is senior in priority to any other deed(s)

12  of trust, lien(s) and/or other interests encumbering the Property, including, but not

13  limited to the Second Deed of Trust, Third Deed of Trust, Fourth Deed of Trust, Fifth

14  Deed of Trust, Sixth Deed of Trust, Seventh Deed of Trust, Eighth Deed of Trust,

15  Kang Deed of Trust, or any interest claimed by any Defendant.

16      90.     Any right, title, or interest, express, implied, equitable or otherwise, in

17  the Property held by any Defendant and or Does 1 through 100, inclusive, if any, is

18  subordinate to, and subject to, said interest held by Plaintiff.

19      91.     The Substitution of Trustee and Full Reconveyance relating to the First

20  Deed of Trust is void *ab initio* and has no legal effect.

21      92.     By virtue of the allegations contained herein and ostensible legal

22  consequences of the void Substitution of Trustee and Full Reconveyance relating to

23  the First Deed of Trust, Plaintiff seeks to quiet title to the Property free and clear of

24  the Second Deed of Trust, Third Deed of Trust, Fourth Deed of Trust, Fifth Deed of

25  Trust, Sixth Deed of Trust, Seventh Deed of Trust, Eighth Deed of Trust, and Kang

26  Deed of Trust, any claim by any Defendant and/or Does 1-100 from the date the First

27  Deed of Trust was executed on December 28, 2005.

28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## FOURTH CAUSE OF ACTION

### (Fraud Against the AWLI Defendants, Robbie A. Gates, Joe L. Gates and Doe Defendants)

93.    Plaintiff realleges paragraphs 1 through 92 inclusive, of the Complaint as though fully set forth herein.

94.    At no time prior to the recording of the Substitution of Trustee and Full Reconveyance did Plaintiff, Bank of America, or anyone with authority to do so, prepare or authorize any of the AWLI Defendants, Robbie A. Gates, Joe L. Gates or the trustee appointed under the First Deed of Trust to execute, prepare or record the Substitution of Trustee and Full Reconveyance relating to the First Deed of Trust recorded May 27, 2010 in the Official Records of Orange County, California.

95.    Plaintiff is informed, believes and thereon alleges that the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants caused the Substitution of Trustee and Full Reconveyance relating to the Fist Deed of Trust to be fraudulently drafted, signed and notarized.

96.    Plaintiff is informed, believes and thereon alleges that the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants caused the forged Substitution of Trustee and Full Reconveyance documents relating to the First Deed of Trust to be fraudulently recorded with the Orange County Recorder's Office.

97.    Plaintiff is informed, believes and thereon alleges that the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants intentionally created this forged documents for the purpose of representing it as a true and original document.

98.    Plaintiff is informed, believes and thereon alleges that the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants knew of the document was the product of fraud and that the individuals that executed and recorded the document did not have the authority to so execute and record a document purporting to reconvey the interest in the First Deed of Trust.

24

VERIFIED COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA. 90071

99.     Plaintiff is informed, believes and thereon alleges that the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants created and recorded the Substitution of Trustee and Full Reconveyance with the intent to deceive Plaintiff and subsequent title holders in an attempt to free the Subject Property from the encumbrances without paying off the First Deed of Trust.

100.     As a result of the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants conduct as alleged in this Complaint, Plaintiff has suffered damages via the potential loss of its security interest, in an amount to be proven at the time of trial.

101.     The conduct by the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants as alleged was willful, wanton, malicious, and oppressive, and was undertaken with the intent to defraud Plaintiff.  Accordingly, punitive damages are warranted against the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants.

## FIFTH CAUSE OF ACTION

### (Civil Conspiracy Against the AWLI Defendants Robbie A. Gates, Joe L. Gates and Doe Defendants)

102.     Plaintiff repeats and incorporates paragraphs 1 through 101 inclusive, of the Complaint as though fully set forth herein.

103.     Plaintiff is informed, believes and thereon alleges that the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants conspired to execute the Substitution of Trustee and Full Reconveyance of the First Deed of Trust by forging the signature of an authorized agent and caused the Substitution of Trustee and Full Reconveyance to be recorded, when neither Bank of America, Plaintiff or any other party that had the authority to do so authorized the execution and recording of the Substitution of Trustee and Full Reconveyance of the First Deed of Trust.

104.     Plaintiff is informed, believes and thereon alleges that the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or Doe defendants had knowledge of

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

VERIFIED COMPLAINT

1    the agreed to executing of the Substitution of Trustee and Full Reconveyance, forging

2    the signatures of the authorized agents, and causing the fraudulent document to be

3    recorded in the Orange County Recorder's Office.

4        105.   As a result of this conspiracy, the Substitution of Trustee and Full

5    Reconveyance is void *ab initio*.

6        106.   As a result of the AWLI Defendants, Robbie A. Gates, Joe L. Gates

7    and/or Doe defendants conduct as alleged in this Complaint, Plaintiff has suffered

8    damages via the potential loss of its security interest, in an amount to be proven at the

9    time of trial.

10       107.   The conduct by the AWLI Defendants, Robbie A. Gates, Joe L. Gates

11   and/or Doe defendants as alleged was willful, wanton, malicious, and oppressive, and

12   was undertaken with the intent to defraud Plaintiff.  Accordingly, punitive damages

13   are warranted against the AWLI Defendants, Robbie A. Gates, Joe L. Gates and/or

14   Doe defendants.

15       **WHEREFORE**, Plaintiff prays for judgment as follows:

16       1.     That the Court enter its judgment declaring that the rights, claims,

17   ownership, liens, titles and demands of Defendants are subject, subsequent, and

18   subordinate to the First Deed of Trust.

19       2.     That the Court enter a judicial order cancelling the Substitution of

20   Trustee and Full Reconveyance recorded on May 27, 2010 as document number

21   2010000251009 in the Official Records of Orange County, California as of the date of

22   its recordation since it was the result of forgery and fraud and therefore void,

23   unauthorized and invalid.

24       3.     That the Court award Plaintiff all compensatory damages caused by any

25   fraud or conspiracy to commit fraud.

26       4.     That the Court award punitive damages against the AWLI Defendants,

27   Robbie A. Gates, Joe L. Gates and Doe defendants in an amount to be determined at

28   trial.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1    5.    That the Court award all other appropriate and just relief.

2

3    Dated:  September 28, 2012            Respectfully submitted,

4                                         LOCKE LORD LLP

5

6

7                                         By: _____

8                                              Conrad V. Sison
                                              Daniel A. Solitro
9                                         Attorneys for Plaintiff
10                                        U.S. BANK NATIONAL
                                          ASSOCIATION, AS TRUSTEE, ON
11                                        BEHALF OF THE HOLDERS OF THE
                                          HARBORVIEW MORTGAGE LOAN
12                                        TRUST 2006-1 MORTGAGE LOAN
                                          PASS-THROUGH CERTIFICATES,
13                                        SERIES 2006-1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

27
VERIFIED COMPLAINT

## VERIFICATION

I, Michelle Simon, declare:

I am an officer of Select Portfolio Servicing, Inc., servicing agent for plaintiff U.S. Bank National Association, as Trustee, on behalf of the holders of the Harborview Mortgage Loan Trust 2006-1 Mortgage Loan Pass-Through Certificates, Series 2006-1 ("Plaintiff") and am authorized to make this verification on its behalf. I have read the foregoing Verified Complaint and am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September 13, 2012 in Salt Lake City, Utah.

MICHELLE SIMON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1648 DSF (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

LOCKE LORD LLP
Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Daniel A. Solitro (SBN: 243908)
dsolitro@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500; Facsimile: 213-485-1200

Attorneys for Plaintiff U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE
HARBORVIEW MORTGAGE LOAN TRUST 2006-1
MORTGAGE LOAN PASS-THROUGH CERTIFICATES,
SERIES 2006-1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-1 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-1, <br> PLAINTIFF(S) <br> v. <br> ROBBIE A. GATES, an individual; JOE L. GATES, an individual; AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; JAN VAN ECK (a/k/a Maurits Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck), an individual; DENNIS L. BELL, an individual; CHERRI B. ENGLISH, an individual; (CONTINUED ON ATTACHED) <br> DEFENDANT(S). | CASE NUMBER <br><br> SACV12-1648-DSF (JLGx) <br><br> **SUMMONS** |

TO:   DEFENDANT(S): ROBBIE A. GATES, an individual; JOE L. GATES, an individual; AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; JAN VAN ECK (a/k/a Maurits Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck), an individual; DENNIS L. BELL, an individual; CHERRI B. ENGLISH, an individual; (CONTINUED ON ATTACHED)

        A lawsuit has been filed against you.

        Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Conrad V. Sison, whose address is 300 South Grand Avenue, Suite 2600, Los Angeles, California 90071. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: SEP 28 2012 _____

Clerk, U.S. District Court

MARILYN DAVIS

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                              SUMMONS

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT TO SUMMONS

### Defendants Continued

ED WOODS, an individual; CHANNING CHANGHO AHN, TRUSTEES OF THE AHN
FAMILY TRUST DATED FEBRUARY 17, 1967; GEORGE GANG WANG, an individual;
DORIS W. WANG, an individual; RODERICK J. MURRAY, an individual; LINCOLN TRUST
COMPANY FBO JAY WM. CERVENKA; JAMES S. BIECK, an individual; MONICA L.
BIECK, an individual; ARTHUR N. PEDERSEN, an individual; JENNY Y. PEDERSEN,
TRUSTEES OF THE PEDERSEN TRUST DATED 10/30/1989; A REALTY LLC, a limited
liability company; NELSON-SEPPANEN TRUST OF 1-29-02, FAWKES FAMILY TRUST:
LINDA H. FAWKES & MICHEL DOYLE FAWKES TRUSTEES; TIMO S. NELSON TRUST
DATED 9-13-10; ANDRE ROBINSON, LLC, a limited liability company; RONALD APPEL,
an individual; DAVID KANG, an individual; AERI KANG, an individual; BROKER
SOLUTIONS, INC. DBA NEW AMERICAN FUNDING; all persons unknown, claiming any
legal or equitable right, title, estate, lien or interest in the property described in the complaint
adverse to plaintiff's title, or any cloud upon plaintiff's title, to the property commonly known as
1803 Vista Lomitas Drive, Fullerton, California; and DOES 1 through 10  , inclusive

ATTACHMENT TO SUMMONS

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-1 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-1 | ROBBIE A. GATES, an individual; JOE L. GATES, an individual; AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; JAN VAN ECK (a/k/a Maurits Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck), an individual; DENNIS L. BELL, an individual; CHERRI B. ENGLISH, an individual; (CONTINUED ON ATTACHED) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Conrad V. Sison (SBN: 217197); Daniel A. Solitro (SBN: 243908) LOCKE LORD LLP 300 South Grand Avenue, Suite 2600 Los Angeles, California 90071 Telephone: 213-485-1500; Facsimile: 213-485-1200 | |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 75,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Cancellation of Instruments; Declaratory Relief; Quiet Title; Fraud; Conspiracy

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☒ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: | SA CV12 - 1648 |
|---|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No ☒ Yes

If yes, list case number(s): 8:12-cv-00242-CJC-AN

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  
☒ A. Arise from the same or closely related transactions, happenings, or events; or  
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or  
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or  
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | U.S. Bank National Association, as Trustee (Ohio) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Robbie A. Gates; Joe L. Gates; 14.George Gang Wang, Doris W. Wang, Roderick J. Murray, James S. Bieck, Monica L. Bieck, Arthur N. Pedersen, Ronald Appel, David Kang, and Aeri Kang (all in Orange County); Channing Changho Ahn, Trustees Of The Ahn Family Trust Dated February 17, 1967; Lincoln Trust Company Fbo Jay Wm. Cervenka; Jenny Y. Pedersen, Trustees Of The Pedersen Trust Dated 10/30/1989; A Realty LLC; Nelson-Seppanen Trust Of 1-29-02; Fawkes Family Trust: Linda H. Fawkes & Michel Doyle Fawkes Trustees; Timo S. Nelson Trust Dated 9-13-10; Andre Robinson, LLC. AMD Broker Solutions, Inc. d/b/a New American Funding (California entities with unknown county of residence) | America's Wholesale Lender, Inc. (New York); Dennis Bell and Cherri English (Kentucky); Jan Van Eck and Ed Woods (Connecticut); |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_   Date September 28, 2012

Daniel A. Solitro

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)     **CIVIL COVER SHEET**     Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT TO CIVIL COVER SHEET

### Defendants Continued

ED WOODS, an individual; CHANNING CHANGHO AHN, TRUSTEES OF THE AHN FAMILY TRUST DATED FEBRUARY 17, 1967; GEORGE GANG WANG, an individual; DORIS W. WANG, an individual; RODERICK J. MURRAY, an individual; LINCOLN TRUST COMPANY FBO JAY WM. CERVENKA; JAMES S. BIECK, an individual; MONICA L. BIECK, an individual; ARTHUR N. PEDERSEN, an individual; JENNY Y. PEDERSEN, TRUSTEES OF THE PEDERSEN TRUST DATED 10/30/1989; A REALTY LLC, a limited liability company; NELSON-SEPPANEN TRUST OF 1-29-02, FAWKES FAMILY TRUST: LINDA H. FAWKES & MICHEL DOYLE FAWKES TRUSTEES; TIMO S. NELSON TRUST DATED 9-13-10; ANDRE ROBINSON, LLC, a limited liability company; RONALD APPEL, an individual; DAVID KANG, an individual; AERI KANG, an individual; BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title, to the property commonly known as 1803 Vista Lomitas Drive, Fullerton, California; and DOES 1 through 100, inclusive

ATTACHMENT TO CIVIL COVER SHEET